[No. 34919. Department One. February 4, 1960.]

SEATTLE LODGE No. 211, LOYAL ORDER OF MOOSE, *Appellant, v.* PAR-T-PAK BEVERAGE CO., INC., *et al., Respondents.*[1]

[1]Reported in 349 P. (2d) 229.

*Paul M. Anderson* and *Wright, Booth & Beresford,* for appellant.

*Jones & Grey* and *Richard I. Sampson,* for respondents.

MALLERY, J.—This is a landlord's lien foreclosure action against a tenant and the tenant's successor for back rent and for light, water, and tax bills incurred and owed by the tenant and its successor, which the landlord paid.

The Moose Lodge rented a building to the defendant Par-T-Pak Beverage Co., Inc., for one thousand dollars a month, tenant to pay all taxes. In 1956, Par-T-Pak notified the landlord that it wished to terminate the lease as of January 31, 1957. On January 6, 1957, Par-T-Pak, then insolvent, sold substantially all of its physical assets to the defendant Nehi Beverage Company. The purchase price was twenty thousand dollars, and the assets were taken subject to a previously existing chattel mortgage. It was paid off, and the purchase price was paid into escrow and distributed in accordance with an escrow agreement. A small balance was later turned over to the receiver when bankruptcy proceedings were instituted. Defendant Nehi Beverage Company occupied the premises from the date of the sale to the termination of the lease, a total of twenty-five days. At the termination of the lease on January 31, 1957, there was owing $3,562.01 for rent, taxes, water, and light.

On December 31, 1956, the landlord filed an action against Par-T-Pak to foreclose its landlord's lien. It did not join Nehi Beverage Company as party defendant until January, 1958. The landlord was aware of the sale of the assets and, in fact, had encouraged it so that the assets would be removed from the building to make it available for another tenant.

Par-T-Pak was insolvent, so the landlord attempted to assert its landlord's lien against Nehi Beverage Company. Par-T-Pak stipulated to liability as to all items except those accruing during the occupancy of the Nehi Beverage Company, so a judgment against Par-T-Pak was entered and

is not here in question. Judgment was entered in favor of the Nehi Beverage Company, and the landlord appeals from that judgment only.

The appellant contends the trial court erred in finding that the bulk sales act did not apply to the respondents.

■ The bulk sales act does not automatically apply in this case because Par-T-Pak was a manufacturer. *Mill & Logging Supply Co. v. West Tenino Lbr. Co.*, 44 Wn. (2d) 102, 265 P. (2d) 807. The appellant relies upon *Arnold v. King*, 236 F. (2d) 877, but that case is distinguished because the business there consisted of buying, processing, grading, packaging, and selling eggs; no *manufacturing* occurred. In the instant case, Par-T-Pak took various component products and combined them to make, or manufacture, soft drink beverages.

■ However, Par-T-Pak and the Nehi Beverage Company specified in their contract of sale that the terms of the bulk sales act were to be complied with. Since parties to a contract can incorporate a statute by reference, and since it was a benefit to Par-T-Pak to do so for the protection of its creditors in the event of insolvency, the bulk sales act was made applicable to the respondents. The bulk sales act sets out the creditors to be protected in RCW 63.08.020. They are:

" . . . all persons to whom the vendor is indebted for or on account of services, commodities, goods, wares, or merchandise, or fixtures and equipment, used in or about or furnished to the business of the vendor, or for or on account of money borrowed to carry on the business of the vendor or for or on account of labor employed in the course of the business of the vendor, of which the goods, wares, and merchandise, or fixtures and equipment, bargained for or purchased, are a part, together with the amount of indebtedness due and owing and to become due and owing, by the vendor, to each of the creditors and the amount of unpaid taxes with respect to the operation of the business of the vendor; . . ."

It will be noted that rent (for which a landlord has a lien) is not one of the items protected under the bulk sales act. Hence, liability for the rent cannot be based on the

bulk sales act. The respondent Nehi Beverage Company is, however, specifically liable for the back taxes and back light and water bills as services under the provisions of the act.

■ The appellant, in asserting a landlord's lien against the assets in question, contends that the sale of these assets, which had been fixtures in the building during the tenancy of Par-T-Pak, was fraudulent and, hence, void as to it.

We do not agree. The appellant knew of and approved the sale.

The landlord's lien statute is set out in RCW 60.72.010 and provides, *inter alia*:

" . . . if such property be removed from the rented premises . . . said lien shall continue and be a superior lien on the property so removed for ten days from the date of its removal, and said lien may be enforced against the property wherever found. . . ."

Though fully aware of the sale, the appellant made no attempt to join respondent Nehi Beverage Company as a defendant in the foreclosure suit until more than *one year* later. Respondent Nehi Beverage Company is not liable for any rent under the landlord's lien statute.

■ Respondent Nehi Beverage Company is directly liable, without reference to the lien foreclosure action, for the rent for the period it occupied the premises from January 7th to January 31st. The successor in interest of a lessee, holding by assignment while in possession of the premises incurs the obligation to pay rent during actual occupation of the premises by reason of the doctrine of privity of estate. *National Bank of Commerce v. Dunn,* 194 Wash. 472, 78 P. (2d) 535. The parties have stipulated that the value of the rent for the period in question is $774.19.

The record shows that Par-T-Pak made a payment of two thousand dollars in November to the appellant, which was applied by appellant to the October and November rent. Appellant later changed a credit of one thousand dollars on the November rent to past due taxes, which left a balance of $30.17 in arrears as to taxes.

The following is a tabulation of the amounts to which the appellant is entitled under the record.

| Item | Amount | Reason for liability |
|---|---|---|
| Rent, January 7-31 | $ 774.19 | Occupancy of premises |
| Taxes, January 7-31 | 142.20 | Stipulation |
| Light, January 7-31 | 52.98 | Stipulation |
| Water, January 7-31 | 34.55 | Stipulation |
| Taxes, January 1-6 | 41.49 | Bulk sales act (in by contract) |
| Back taxes, 1956 | 30.17 | Bulk sales act (in by contract) |
| Back light bill | 116.92 | Bulk sales act (in by contract) |
| Back water bill | 143.70 | Bulk sales act (in by contract) |
| Total | $1,336.20 | |

From this total there is a stipulated set-off of $759.38. The judgment is modified and will be entered for the appellant in the amount of $576.82. Neither party will recover costs.

WEAVER, C. J., DONWORTH, ROSELLINI, and HUNTER, JJ., concur.

---

May 4, 1960. Petition for rehearing denied.